U.S. Bank N.A. v Baer (2020 NY Slip Op 00635)





U.S. Bank N.A. v Baer


2020 NY Slip Op 00635


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-00464
2017-00466
2017-00467
2017-09415
 (Index No. 57522/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Vivian Mook Baer, et al., appellants, et al., defendants.


Markham & Read, White Plains, NY (John J. E. Markham II and Bridget Zerner of counsel), for appellants.
David A. Gallo & Associates LLP (Akerman LLP, New York, NY [Jordan M. Smith], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Vivian Mook Baer and Stephen H. Baer appeal from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated December 5, 2016, (2) an order of the same court also dated December 5, 2016, (3) an order of the same court dated December 12, 2016, and (4) an order and judgment of foreclosure and sale (one paper) of the same court dated August 18, 2017. The first order dated December 5, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Vivian Mook Baer and Stephen H. Baer and for an order of reference. The second order dated December 5, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan. The order dated December 12, 2016, denied those defendants' motion to compel the plaintiff to produce certain original loan documents for inspection and to adjourn the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them and for an order of reference. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action [*2](see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In 2014, the plaintiff commenced this action to foreclose a consolidated mortgage encumbering certain property in Bedford. The defendants Vivian Mook Baer and Stephen H. Baer (hereinafter together the defendants) interposed an answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and moved to compel the plaintiff to produce certain original loan documents for inspection and for a corresponding 30-day adjournment of the plaintiff's motion. In an order dated November 21, 2016, the Supreme Court noted that the defendants' motion was not accompanied by the proper fee and treated it as a request for an adjournment. The court then adjourned the plaintiff's motion to afford the defendants' counsel an opportunity to submit proof of his authorization to practice in New York.
Upon complying with the Supreme Court's directive, the defendants again moved to compel the plaintiff to produce the subject original loan documents for inspection and for a further adjournment of the plaintiff's motion to allow them to submit additional opposition papers. In an order dated December 5, 2016, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In a second order dated December 5, 2016, the court, among other things, granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan. In an order dated December 12, 2016, the court denied the defendants' motion. On August 18, 2017, the Supreme Court entered an order and judgment of foreclosure and sale, inter alia, granting the plaintiff's motion to confirm the referee's report and directing the sale of the subject property. The defendants appeal.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
A promissory note is a negotiable instrument within the meaning of the Uniform Commercial Code (see UCC 3-104[2][d]; Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 844; US Bank, N.A. v Zwisler, 147 AD3d 804, 806; Mortgage Elec. Registration Sys. Inc. v Coakley, 41 AD3d 674, 674). A "holder" is the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see UCC 3-301). Where an instrument is endorsed in blank, it may be negotiated by delivery (see UCC 3-202[1]; 3-204[2]).
Here, the plaintiff established its standing to commence the action by demonstrating that it had physical possession of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 [*3]AD3d 904, 905; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). Contrary to the defendants' contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see UCC 3-204[2]).
In opposition, the defendants failed to raise a triable issue of fact as to the plaintiff's standing (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. Furthermore, we agree with the court's determination to deny the defendants' motion, inter alia, to compel the plaintiff to produce the original loan documents for inspection.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court