Mejias v Wells Fargo N.A. (2020 NY Slip Op 04389)





Mejias v Wells Fargo N.A.


2020 NY Slip Op 04389


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-05410
 (Index No. 500328/17)

[*1]Vilma Mejias, etc., appellant,
v
Wells Fargo N.A., etc., respondent.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Shawn Howland of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 19, 2018. The order denied the plaintiff's motion for summary of judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2006, Jose Aponte executed a note in favor of Bank of America, N.A., promising to repay a loan in the principal sum of $475,000. As security for the note, Aponte executed a mortgage encumbering a parcel of real property located in Brooklyn. In 2009, the mortgage was assigned to the defendant, Wells Fargo N.A. (hereinafter Wells Fargo). On October 2, 2006, Aponte died and the plaintiff, Vilma Mejias, became the administrator of his estate. On August 11, 2009, Wells Fargo commenced a foreclosure action against Mejias wherein it alleged that Aponte had defaulted on the mortgage, and that it was electing to call due the entire amount secured by the mortgage. In 2012, Wells Fargo moved for summary judgment on the complaint, and Mejias cross-moved for summary judgment dismissing the complaint contending, inter alia, that Wells Fargo lacked standing to commence the foreclosure action. In an order dated July 25, 2014, the Supreme Court, without explanation, denied Wells Fargo's motion and granted Mejias's cross motion. Thereafter, Wells Fargo moved for leave to reargue its motion and its opposition to Mejias's cross motion. In an order dated March 31, 2015, the court, in effect, granted leave to reargue but, upon reargument, adhered to its original determination. Notably, the court in its analysis indicated, "where standing is put into issue by the defendant, the plaintiff has the burden of establishing that it is the holder or assignee of both the subject mortgage and the underlying note at the time the action is commenced."
In 2017, Mejias commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. After issue was joined, Mejias moved for summary judgment on the complaint, and Wells Fargo cross-moved for summary judgment dismissing the [*2]complaint. In an order dated April 19, 2018, the Supreme Court, denied Mejias's motion and granted Wells Fargo's cross motion. Mejias appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced" (Diji v Deutsche Bank Natl. Trust Co., 177 AD3d 675, 676; see Lubonty v U.S. Bank N.A., 159 AD3d 962, affd 34 NY3d 250). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Lubonty v U.S. Bank N.A., 159 AD3d at 963; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895).
"Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be clear and unequivocal'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867, quoting Sarva v Chakravorty, 34 AD3d 438, 439; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "An acceleration of a mortgage debt may occur in different ways. One way is in the form of an acceleration notice transmitted to the borrower by the creditor or the creditor's servicer" (Milone v US Bank N.A., 164 AD3d 145, 152). "[Another] form of acceleration exists when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (id. at 152). "[A]n acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (id. at 153; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707; U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983-984; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
Here, Wells Fargo demonstrated, prima facie, that the debt was never validly accelerated, as the prior action to foreclose the subject mortgage, commenced in 2009, was dismissed upon the Supreme Court's determination that Wells Fargo lacked standing to commence the action (see Diji v Deutsche Bank Natl. Trust Co., 177 AD3d at 676; MLB Sub I, LLC v Grimes, 170 AD3d 992; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d at 593). In opposition, Mejias failed to raise a triable issue of fact. Contrary to Mejias's contention, the analysis provided by the court in the order dated March 31, 2015, which adhered to the original determination in the order dated July 25, 2014, established that the court's original determination to dismiss the complaint in the 2009 action was based upon a lack of standing.
Accordingly, we agree with the Supreme Court's determination denying Mejias's motion for summary judgment on the complaint and granting Wells Fargo's cross motion for summary judgment dismissing the complaint.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court