BHMPW Funding, LLC v Lloyd-Lewis (2021 NY Slip Op 03018)





BHMPW Funding, LLC v Lloyd-Lewis


2021 NY Slip Op 03018


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-06632
 (Index No. 502456/17)

[*1]BHMPW Funding, LLC, respondent,
v
Janett Lloyd-Lewis, etc., et al., appellants, et al., defendants.


Law Office of Paul R. Kenney, LLC, New York, NY, for appellant Janett Lloyd-Lewis.
Avi Rosenfeld, Lawrence, NY, for appellant P & Q Realty, Inc.
Lawrence and Walsh, P.C., Hempstead, NY (John M. Tangel of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janett Lloyd-Lewis appeals, and the defendant P & Q Realty, Inc., separately appeals, from a judgment of foreclosure and sale of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 21, 2019. The judgment of foreclosure and sale, upon two orders of the same court, both dated March 9, 2018, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Janett Lloyd-Lewis and P & Q Realty, Inc., to strike those defendants' answers, and for an order of reference, and denying the cross motion of the defendant Janett Lloyd-Lewis pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against that defendant, and upon an order of the same court dated February 20, 2019, granting the motion of nonparty Throop Creditor, LLC, as the plaintiff's assignee, inter alia, for a judgment of foreclosure and sale, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On December 14, 2006, Garth Lewis executed a note in the sum of $599,200 in favor of First United Mortgage Banking Corp. (hereinafter First United). The note was secured by a mortgage on residential property located at 446 Throop Avenue in Brooklyn (hereinafter the premises). Lewis allegedly defaulted on his obligations under the note by failing to make the monthly payments due on October 1, 2008, and thereafter. By assignment of mortgage dated April 17, 2009, First United assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS). MERS then assigned the mortgage to GMAC Mortgage, LLC (hereinafter GMAC).
In April 2009, GMAC commenced an action (hereinafter the 2009 action) against Lewis, among others, to foreclose the mortgage. By deed dated September 12, 2012, Lewis conveyed the premises to P & Q Realty, Inc. (hereinafter P & Q). Lewis died on February 26, 2013.
By assignment of mortgage dated August 7, 2013, GMAC assigned the mortgage to FRT 2011-1 Trust (hereinafter FRT). By assignment of mortgage dated August 8, 2013, FRT assigned the mortgage to Goshen Mortgage, LLC (hereinafter Goshen). By assignment of mortgage dated July 18, 2014, Goshen assigned the mortgage to BHMPW Funding, LLC (hereinafter the plaintiff). Thereafter, pursuant to a so-ordered stipulation dated February 11, 2015: the plaintiff was substituted for GMAC in the 2009 action; Lewis's widow, Janett Lloyd-Lewis, as administrator of Lewis's estate (hereinafter the estate), was substituted for Lewis; and P & Q was added as a defendant. By order dated December 23, 2016, the Supreme Court denied the plaintiff's motion, inter alia, for summary judgment and for an order of reference, and granted the estate's cross motion, inter alia, to dismiss the complaint insofar as asserted against it for lack of standing.
On February 7, 2017, the plaintiff commenced the instant action against the estate and P & Q, among others, to foreclose the mortgage. A copy of the note, endorsed in blank by First United, was annexed to the complaint. The estate interposed an answer in which it asserted as affirmative defenses, inter alia, that the plaintiff lacked standing and that the action was barred by the statute of limitations. P & Q served an answer in which it also asserted as affirmative defenses that the plaintiff lacked standing and that the action was barred by the statute of limitations.
In May 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the estate, to strike the estate's answer, and for an order of reference, or, in the alternative, for summary judgment on the complaint insofar as asserted against P & Q and to strike P & Q's answer. The estate cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The estate argued, inter alia, that the action was barred by the doctrine of res judicata, that the action was time-barred, and that the plaintiff lacked standing. The estate's cross motion was opposed by Throop Creditor, LLC (hereinafter Throop), the plaintiff's assignee.
In two orders dated March 9, 2018, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the estate and P & Q and to strike their answers, denied the estate's cross motion, and referred the matter to a referee to compute the amount due to the plaintiff.
In May 2018, Throop, as the plaintiff's assignee, moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In support, Throop submitted, inter alia, a referee's oath and report dated May 17, 2018. Thereafter, at P & Q's request, a hearing was held before a referee on July 11, 2018. Throop then filed a revised referee's report dated September 4, 2018. P & Q opposed Throop's motion. In an order dated February 20, 2019, the Supreme Court granted Throop's motion. The court then issued a judgment of foreclosure and sale dated February 21, 2019. The estate and P & Q separately appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Diji v Deutsche Bank Natl. Trust Co., 177 AD3d 675, 676, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "The acceleration of a mortgage debt may occur when the holder of the note 'commences an action to foreclose upon [the] note and mortgage and seeks, in the complaint, payment of the full balance due'" (21st Mtge. Corp. v Balliraj, 177 AD3d 687, 688, quoting Milone v US Bank N.A., 164 AD3d 145, 152). An acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so (see Mejias v Wells Fargo N.A, 186 AD3d 472, 474; Milone v US Bank N.A., 164 AD3d at 153).
Here, the plaintiff demonstrated, prima facie, that the debt was never validly accelerated by submitting the complaint in the 2009 action, in which GMAC asserted that it was electing to accelerate the debt, and the order dated December 23, 2016, directing dismissal of the complaint in the 2009 action for lack of standing (see Mejias v Wells Fargo N.A, 186 AD3d at 474; Diji v Deutsche Bank Natl. Trust Co., 177 AD3d at 676). In opposition, the estate failed to raise a triable issue of fact as to acceleration.
Contrary to the estate's contention, since the complaint in the 2009 action was dismissed for lack of standing, the instant action was not barred by the doctrine of res judicata (see HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651).
The plaintiff also established, prima facie, that it had standing to commence this action by demonstrating that a copy of the note, endorsed in blank by First United, was annexed to the complaint (see U.S. Bank N.A. v Baer, 179 AD3d 1130, 1132). In opposition, the estate failed to raise a triable issue of fact as to the plaintiff's standing. Since the mortgage "passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 753, 754), the estate's arguments regarding the timing of the various assignments of the mortgage are irrelevant to the issue of standing (see HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 799).
The estate's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the estate and for an order of reference, and denied the estate's cross motion to dismiss the complaint insofar as asserted against it.
Moreover, the Supreme Court properly granted those branches of the motion of Throop, as the plaintiff's assignee, which were to confirm the referee's report and for a judgment of foreclosure and sale. As a stranger to the note and mortgage agreement, P & Q lacked standing to raise defenses based on the plaintiff's alleged noncompliance with the terms of the note and mortgage agreement (see US Bank N.A. v Carrington, 179 AD3d 743; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024; Nash v Duroseau, 39 AD3d 719; County of Tioga v Solid Waste Indus., 178 AD2d 873, 874-875). Moreover, P & Q lacked standing to assert as a defense that the plaintiff's recovery of interest on payments due and owing more than six years prior to the commencement of this action was barred by the statute of limitations. Inasmuch as the statute of limitations is generally viewed as a personal defense (see John J. Kassner & Co. v City of New York, 46 NY2d 544, 550), only the estate could assert a defense on that ground.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court