HSBC Bank USA, N.A. v Spitz (2022 NY Slip Op 00170)





HSBC Bank USA, N.A. v Spitz


2022 NY Slip Op 00170


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-04513
2018-10128
 (Index No. 514229/15)

[*1]HSBC Bank USA, N.A., appellant,
v
Yisrael Spitz, respondent, et al., defendants.


Phillips Lytle LLP, Buffalo, NY (Preston L. Zarlock, Patricia M. Pirri, and Sean C. McPhee of counsel), for appellant.
Richard A. Klass, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 13, 2018, and (2) an order of the same court dated June 19, 2018. The order dated February 13, 2018, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Yisrael Spitz, to dismiss his counterclaims, and for an order of reference. The order dated June 19, 2018, denied the plaintiff's motion for leave to renew and reargue its prior motion for summary judgment on the complaint insofar as asserted against the defendant Yisrael Spitz, to dismiss his counterclaims, and for an order of reference.
ORDERED that the order dated February 13, 2018, is reversed, on the law, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Yisrael Spitz, to dismiss his counterclaims, and for an order of reference is granted; and it is further,
ORDERED that the appeal from so much of the order dated June 19, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated June 19, 2018, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated February 13, 2018; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In November 2015, HSBC Bank USA, N.A. (hereinafter HSBC), commenced this action (hereinafter the 2015 action) against the defendant Yisrael Spitz (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property in Brooklyn. The defendant interposed an answer with affirmative defenses asserting, among other things, that the action was barred by the statute of limitations, and counterclaims, inter alia, to quiet title. HSBC moved for summary judgment on the complaint insofar as asserted against the defendant, to dismiss his counterclaims, and for an order of reference. The defendant opposed the motion, arguing that the [*2]2015 action was time-barred since the debt had previously been accelerated in 2008, when Mortgage Electronic Registration Systems (hereinafter MERS), as nominee for HSBC, commenced a prior action to foreclose the mortgage (hereinafter the 2008 action). In an order dated February 13, 2018, the Supreme Court denied HSBC's motion. HSBC then moved for leave to renew and reargue its prior motion. In an order dated June 19, 2018, the court denied the motion for leave to renew and reargue. HSBC appeals from both orders.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt" (Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 670 [internal quotation marks omitted]). However, an acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so (see Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d 465).
Here, in support of its motion for summary judgment on the complaint insofar as asserted against the defendant, to dismiss his counterclaims, and for an order of reference, HSBC established, prima facie, that MERS lacked standing to commence the 2008 action, by submitting the affidavit of its Assistant Vice President Denise Dickman. Based upon her familiarity with and review of HSBC's business records, Dickman stated that HSBC, the original lender, "held the original Note after its execution and at no time was it physically delivered to MERS." Accordingly, HSBC established, prima facie, that the loan was not accelerated by virtue of the commencement of the 2008 action, and the 2015 action was not barred by the statute of limitations (see BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782-783; cf. Wilmington Savings Fund Society, FSB v Rosenbaum, 197 AD3d 1132).
In addition to the foregoing, HSBC proffered the note, the mortgage, and proof of default. HSBC also demonstrated, prima facie, its standing to commence the 2015 action by submitting a copy of the complaint to which it attached a copy of the duly endorsed note (see Citibank, N.A. v Yanling Wu, 199 AD3d 48, 57; U.S. Bank N.A. v Rowe, 194 AD3d 978, 980). In opposition to HSBC's prima facie showing, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of HSBC's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to dismiss his counterclaims, and for an order of reference.
In view of our determination, we need not reach HSBC's remaining contentions.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court