IPA Asset Mgt., LLC v Bank of N.Y. Mellon (2022 NY Slip Op 01151)





IPA Asset Mgt., LLC v Bank of N.Y. Mellon


2022 NY Slip Op 01151


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-07111
 (Index No. 605557/18)

[*1]IPA Asset Management, LLC, respondent,
v
Bank of New York Mellon, etc., appellant.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Alex Cameron, Austin T. Shufelt, and Ellis M. Oster of counsel), for appellant.
Christopher Thompson, West Islip, NY, for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated April 11, 2019. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
In December 2006, Ivan Young obtained a loan from America's Wholesale Lender, which was secured by a mortgage on certain real property located in Suffolk County. Thereafter, the mortgage was assigned to the defendant. After Young defaulted on his payment obligations, a notice of default dated December 3, 2007, was sent to Young. In April 2008, the defendant commenced an action to foreclose the mortgage. The Supreme Court directed dismissal of the complaint in that action by order dated July 18, 2011, for, inter alia, lack of standing.
By deed dated January 23, 2018, the plaintiff acquired title to the subject property from Young. In June 2018, the plaintiff commenced this action pursuant to RPAPL 1501(4) against the defendant to cancel and discharge of record the mortgage on the ground that the statute of limitations for commencing an action to foreclose the mortgage had expired. The plaintiff argued that the statute of limitations began to run on the entire debt in 2007 when the notice of default letter was sent to Young. The defendant moved pursuant to CPLR 3211(a)(1), (3), and (5) to dismiss the complaint. The Supreme Court denied the motion. The defendant appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired" (Oakdale III, LLC v Deutsche Bank Natl. Trust Co., 189 AD3d 1685, 1686-1687; see Retemiah v Bank of N.Y. Mellon, 195 AD3d 649, 650). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Even if a mortgage is payable in installments, the limitation period begins to run on the entire mortgage debt when the mortgagee or [*2]its predecessor elects to accelerate the mortgage" (Bank of Am., N.A. v Riche, 190 AD3d 674,675). "[T]he acceleration of a mortgage debt may occur by means other than the commencement of a foreclosure action, such as through an unequivocal acceleration notice transmitted to the borrower" by the creditor or creditor's servicer (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 25; see Mejias v Wells Fargo N.A., 186 AD3d 472, 474). "An acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782).
Here, the Supreme Court erred in denying the defendant's motion to dismiss the complaint. The defendant established that the mortgage was not accelerated. The language in the 2007 notice of default did not serve to accelerate the loan, as it was nothing more than a letter discussing acceleration as a possible future event which does not constitute an exercise of the mortgage's optional acceleration clause (see Freedom Mtge. Corp. v Engel, 37 NY3d at 25-27; U.S. Bank N.A. v Greenberg, 170 AD3d 1237, 1240). Moreover, since the 2008 foreclosure action was dismissed on the ground that the defendant lacked standing, the commencement of that action as purported acceleration was a nullity, and the statute of limitations did not begin to run at the time of the purported acceleration (see Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d 465, 466-467; Mejias v Wells Fargo N.A., 186 AD3d at 474). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court