GSR Mtge. Loan Trust v Epstein (2022 NY Slip Op 03232)

GSR Mtge. Loan Trust v Epstein

2022 NY Slip Op 03232

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-08434
 (Index No. 616183/18)

[*1]GSR Mortgage Loan Trust, etc., appellant,
v
Anne Epstein, etc., et al., respondents, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for appellant.
Yitzhak Law Group, Great Neck, NY (Erica Yitzhak of counsel), for respondent Jason Epstein.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered May 30, 2019. The order granted the separate motions of the defendants Anne Epstein and Jason Epstein pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Anne Epstein and Jason Epstein pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them are denied.
On December 15, 2004, the defendant Anne Epstein executed and delivered a note in the amount of $399,000, in favor of Countrywide Home Loans, Inc. To secure repayment of the note, Anne Epstein and the defendant Jason Epstein (hereinafter together the defendants) executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide Home Loans, Inc., on real property located in Cedarhurst.
On September 21, 2009, MERS purportedly assigned the mortgage, "together with the indebtedness or obligation described in said instrument," to BAC Home Loan Servicing, LP (hereinafter BAC). On October 2, 2009, BAC commenced an action against the defendants, among others, to foreclose the mortgage (hereinafter the 2009 action). The 2009 action was dismissed on May 9, 2016.
On June 20, 2012, BAC assigned the mortgage to the plaintiff. On December 4, 2018, the plaintiff commenced the instant action to foreclose the mortgage. The defendants separately moved to dismiss the complaint pursuant to CPLR 3211(a) insofar as asserted against each of them. By order entered May 30, 2019, the Supreme Court granted the defendants' separate motions on the ground that the instant action was time-barred. The plaintiff appeals.
"In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by [*2]the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Schrull v Weis, 166 AD3d 829, 831 [internal quotation marks omitted]; see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789).
Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations (see MLB Sub I, LLC v Clark, 201 AD3d 925, 926; HSBC Bank USA, N.A. v Spitz, 201 AD3d 708, 710; Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "'With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due'" (MLB Sub I, LLC v Clark, 201 AD3d at 926, quoting U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808). "However, 'residential mortgage contracts . . . typically provide[ ] noteholders the right to accelerate the maturity date of the loan upon the borrower's default, thereby demanding immediate repayment of the entire outstanding debt'" (MLB Sub I, LLC v Clark, 201 AD3d at 926, quoting Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21). "When the noteholder elects to exercise that remedy, 'a cause of action to recover the entire balance of the debt accrues at the time the loan is accelerated, triggering the six-year statute of limitations to commence a foreclosure action'" (MLB Sub I, LLC v Clark, 201 AD3d at 927, quoting Freedom Mtge. Corp. v Engel, 37 NY3d at 21; see CPLR 203[a]; 214[4]).
One "form of acceleration exists when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Mejias v Wells Fargo N.A., 186 AD3d 472, 474 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774). The debt is accelerated "when the verified complaint and lis pendens [are] filed" (Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d at 776 [internal quotation marks omitted]). To be valid, "an election to accelerate must be made by an 'unequivocal overt act' that discloses the noteholder's choice, such as the filing of a verified complaint seeking foreclosure and containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, 37 NY3d at 22, quoting Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476).
Here, the defendants failed to demonstrate that the debt was validly accelerated by the commencement of the 2009 action. In support of their respective motions, the defendants submitted only the summons with notice from the 2009 action, which did contain a statement that BAC sought "payment of the full balance due," and a printout of the WebCivil Supreme-Case Detail related to the instant action (Mejias v Wells Fargo, N.A., 186 AD3d at 474 [internal quotation marks omitted]; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 836). Since the defendants did not submit the complaint or the notice of pendency filed in the 2009 action, it cannot be determined whether those documents elected to accelerate the mortgage loan (cf. MLB Sub I, LLC v Clark, 201 AD3d at 927; Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d at 774; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Therefore, the defendants failed to sustain their initial burden of demonstrating, prima facie, that the time within which to commence the instant action expired (see U.S. Bank, N.A. v Gordon, 158 AD3d at 836). Accordingly, the Supreme Court should have denied the separate motions of the defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
The plaintiff's remaining contentions are without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court