Wells Fargo Bank, N.A. v Rutty (2022 NY Slip Op 03926)

Wells Fargo Bank, N.A. v Rutty

2022 NY Slip Op 03926

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2018-11253
 (Index No. 713681/17)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Robert R. Rutty, et al., defendants, SLF New York Holdings, LLC, appellant.

Law Office of Keith S. Garret, P.C., Babylon, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant SLF New York Holdings, LLC, appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 24, 2018. The order, insofar as appealed form, denied that branch of the motion of the defendants SLF New York Holdings, LLC, and Hampton Partners, LLC, which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant SLF New York Holdings, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2006, the defendant Robert R. Rutty executed a note in favor of People's Choice Home Loan, Inc., in the sum of $536,000, which was secured by a mortgage on real property located in Springfield Gardens. In June 2011, the plaintiff commenced an action to foreclose the mortgage against, among others, Rutty (hereinafter the prior action). In an order dated April 5, 2013, the Supreme Court granted that branch of Rutty's motion which was pursuant to CPLR 3211(a) to dismiss the complaint in the prior action insofar as asserted against him on the ground of lack of standing.
In October 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants SLF New York Holdings, LLC (hereinafter SLF), the owner of the mortgaged property, and Hampton Partners, LLC (hereinafter Hampton). Thereafter, SLF and Hampton moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against SLF, arguing, inter alia, that this action was time-barred because the commencement of the prior action was sufficient to accelerate the mortgage debt. In an order entered July 24, 2018, the Supreme Court, among other things, denied that branch of the motion. SLF appeals.
A defendant moving to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of establishing, prima facie, that the time in which to commence the action has expired (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029). If the defendant satisfies that burden, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or is otherwise inapplicable, or [*2]whether the plaintiff actually commenced the action within the statute of limitations period (see Wells Fargo Bank N.A. v Kehnres, 199 AD3d 869). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt" (Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 670 [internal quotation marks omitted]). "However, an acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so" (HSBC Bank USA, N.A. v Spitz, 201 AD3d 708, 710).
Here, SLF failed to meet its burden of demonstrating, prima facie, that this action was time-barred, since SLF's submissions included a copy of the order dated April 5, 2013, granting that branch of Rutty's motion which was pursuant to CPLR 3211(a) to dismiss the complaint in the prior action insofar as asserted against him on the ground of lack of standing (see US Bank Trust, N.A. v Williams, 168 AD3d 1122, 1123-1124). Since the prior action was dismissed for lack of standing, SLF failed to establish that the plaintiff had the authority to accelerate the debt through the complaint filed in the prior action (see BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782-783; J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707; US Bank Trust, N.A. v Williams, 168 AD3d at 1124).
SLF's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against SLF.
RIVERA, CHAMBERS and WOOTEN, JJ., concur.
BARROS, J.P., dissents, and votes to reverse the order insofar as appealed from, on the law, and grant that branch of the motion of the defendants SLF New York Holdings, LLC, and Hampton Partners, LLC, which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant SLF New York Holdings, LLC, with the following memorandum:
I.
I respectfully disagree with my colleagues' determination that, under the circumstances of this case, the Supreme Court's dismissal of the prior foreclosure action for lack of "standing" nullified the plaintiff's acceleration of the mortgage debt so as to render this action timely commenced. In its order granting dismissal of the complaint in the prior foreclosure action insofar as asserted against the defendant Robert R. Rutty, the court merely determined that the plaintiff failed to submit proof that the subject note and mortgage were transferred to it before its predecessor in interest, People's Choice Home Loan, Inc. (hereinafter People's Choice), had filed for bankruptcy. Although the court described the basis of its dismissal under CPLR 3211(a) as one for lack of "legal capacity to sue" and lack of "standing," it expressly recognized the plaintiff as the note holder, which is the sine qua non of standing in a mortgage foreclosure action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362).
Since the basis of the Supreme Court's dismissal did not implicate the issue of a plaintiff's standing as the note holder, the dismissal did not nullify the plaintiff's election to accelerate (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19). Thus, this action, which was commenced more than six years after the mortgage debt was accelerated by the note holder, was time-barred.
II.
The right to accelerate a mortgage debt belongs to the note holder, and is governed by the terms of the note itself (see id. at 19). The subject note, in paragraph 7, allows the note holder to accelerate the mortgage debt under conditions set forth therein, including default in payment by [*3]the borrower. The plaintiff, as the note holder, commenced the prior action and expressly elected to accelerate the mortgage debt based upon Rutty's failure to make installment payments when due.
Under the standard set forth in Aurora Loan Servs., LLC v Taylor (25 NY3d at 361-362), the plaintiff's evidence in the prior action established the plaintiff's standing as a matter of law (see UCC 3-202[1]; 3-204[2]). The plaintiff submitted an affidavit of the vice president of its loan servicer and attorney-in-fact, who attested to personal knowledge of the matters set forth in the affidavit and of the plaintiff's record-keeping practices, and averred that "the original Note has been in the custody of Plaintiff . . . and in its present condition since prior to the commencement of this action." The affidavit was accompanied by appropriate business records and a copy of the note endorsed in blank. Additionally, the affiant "confirm[ed]" that the plaintiff "has been in exclusive possession of the original note, indorsed in blank, and has not transferred same to any other person or entity." Moreover, the dismissal order in the prior action (which is relied upon by my colleagues for the proposition that the plaintiff lacked standing in the prior action) specifically acknowledged that the plaintiff was the note holder in that action.
Notably, the plaintiff concedes that the dismissal of the prior action "was merely the consequence of [its] failure to produce the proper documentation evincing the transfer of the mortgage . . . prior to the bankruptcy filing of [the plaintiff's] predecessor in interest, People's Choice." As to that failure, the plaintiff submitted in this action the missing documentation establishing that the note and mortgage were, in fact, transferred to it before People's Choice filed for bankruptcy. Thus, even assuming that a bankruptcy filing could deprive a note holder of standing in a mortgage foreclosure action, the record established that the subject note and mortgage were not part of a bankruptcy estate.
III.
Our precedent holding that the filing of a complaint is ineffective to constitute a valid exercise of the option to accelerate the debt where the plaintiff did not have authority to accelerate the debt or to sue to foreclose at that time (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983-984) is not applicable because the plaintiff was indisputably the note holder, and, therefore, had authority to accelerate the mortgage debt when it did (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
The other cases relied upon by my colleagues are erroneous for reasons set forth in my dissent in J & JT Holding Corp. v Deutsche Bank Natl. Trust Co. (173 AD3d 704). Most critically, those cases ignore the principle that a judicial order cannot be used to preclude a party in a subsequent action from litigating an issue decided in that judicial order unless the doctrines of res judicata or collateral estoppel apply (see generally Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 n 3; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343; Kaufman v Eli Lily & Co., 65 NY2d 449, 456).
Accordingly, the Supreme Court should have granted that branch of the motion of the defendants SLF New York Holdings, LLC, and Hampton Partners, LLC, which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against SLF New York Holdings, LLC, as time-barred.
ENTER:
Maria T. Fasulo
Clerk of the Court