Hawthorne v New Century Mtge. Corp. (2022 NY Slip Op 04539)

Hawthorne v New Century Mtge. Corp.

2022 NY Slip Op 04539

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2018-12678
 (Index No. 300/16)

[*1]Keith Hawthorne, appellant, 
v
New Century Mortgage Corp., et al., defendants, U.S. Bank, National Association, etc., respondent.

Keith Hawthorne, Mahopac, NY, appellant pro se.
Houser LLP, New York, NY (David S. Yohay and Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Janet C. Malone, J.), dated August 2, 2018. The order denied the plaintiff's motion for summary judgment on the complaint, and granted the cross motion of the defendant U.S. Bank, National Association, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In 2006, the plaintiff, Keith Hawthorne, executed a note in the sum of $319,500 in favor of New Century Mortgage Corporation, named herein as New Century Mortgage Corp. (hereinafter New Century), which was secured by a mortgage on real property. In 2010, Bank of America, National Association (hereinafter BoA), commenced an action against Hawthorne, among others, to foreclose the mortgage (hereinafter the 2010 action). In the 2010 action, Hawthorne moved, inter alia, to dismiss the complaint insofar as asserted against him for lack of standing, and the Supreme Court granted that branch of Hawthorne's motion.
In 2016, Hawthorne commenced this action against, among others, New Century, BoA, and U.S. Bank, National Association (hereinafter US Bank), to which the mortgage had purportedly been assigned in 2013. Hawthorne sought, pursuant to RPAPL 1501(4), to cancel and discharge of record the mortgage on the ground that the statute of limitations to commence a foreclosure action had begun to run upon the commencement of the 2010 action and had since expired.
After the completion of discovery, Hawthorne moved for summary judgment on the complaint and US Bank cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated August 2, 2018, the Supreme Court denied Hawthorne's motion [*2]and granted US Bank's cross motion. Hawthorne appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired" (Oakdale III, LLC v Deutsche Bank Natl. Trust Co., 189 AD3d 1685, 1686-1687; see IPA Asset Mgt., LLC v Bank of N.Y. Mellon, 202 AD3d 1068). An action to foreclose a mortgage is subject to a six-year statute of limitations, which begins to run on the entire mortgage debt when the mortgagee or its predecessor elects to accelerate the mortgage (see IPA Asset Mgt., LLC v Bank of N.Y. Mellon, 202 AD3d 1068). The acceleration of a mortgage debt may occur through an unequivocal acceleration notice transmitted to the borrower by the creditor or creditor's servicer (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 25), or through commencement of a foreclosure action in which the complaint seeks payment of the full balance due (see Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844). "An acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782).
Here, Hawthorne failed to establish, prima facie, that an action to foreclose the mortgage was time-barred. Contrary to his contention, a notice of default dated November 16, 2009, sent to him by Litton Loan Servicing, then the loan servicer, did not serve to accelerate the mortgage debt, as the language therein was "merely an expression of future intent that fell short of an actual acceleration" (U.S. Bank N.A. v Gordon, 176 AD3d 1006, 1008 [internal quotation marks omitted]; see Ocwen Loan Servicing, LLC v Sirianni, 202 AD3d 702).
Furthermore, US Bank demonstrated, prima facie, that the commencement of the 2010 foreclosure action did not serve to validly accelerate the debt, as the prior action was dismissed upon the Supreme Court's determination that the plaintiff in that action lacked standing (see IPA Asset Mgt., LLC v Bank of N.Y. Mellon, 202 AD3d 1068; Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d 465, 466-467; Mejias v Wells Fargo N.A., 186 AD3d 472, 474). In opposition to that showing, Hawthorne failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly denied Hawthorne's motion for summary judgment on the complaint and properly granted US Bank's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court