Bank of N.Y. Mellon v Cooper (2025 NY Slip Op 03297)

Bank of N.Y. Mellon v Cooper

2025 NY Slip Op 03297

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-11121
 (Index No. 711652/18)

[*1]Bank of New York Mellon, etc., respondent,
v
Darrell Cooper, etc., et al., defendants, Joseph Cooper, appellant.

Queens Legal Services, Jamaica, NY (Emily Corcione, Sharmin Piancca, and Christopher Newton of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Laurence P. Chirch and Charles W. Miller III of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Cooper appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered January 18, 2023. The order granted the plaintiff's motion for summary judgment on the second amended complaint insofar as asserted against the defendant Joseph Cooper, to strike his answer and affirmative defenses, and for an order of reference.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the second amended complaint insofar as asserted against the defendant Joseph Cooper, to strike his answer and affirmative defenses, and for an order of reference is denied.
In 2007 and again in 2008, the plaintiff commenced actions against the defendant Joseph Cooper (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Rosedale. Both actions were voluntarily discontinued by the plaintiff. In July 2018, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer to the second amended complaint in which he asserted, inter alia, an affirmative defense alleging that the action was barred by the applicable statute of limitations and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage based on the expiration of the statute of limitations.
The plaintiff moved for summary judgment on the second amended complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant opposed the motion, arguing, among other things, that this action was time-barred since the debt had previously been accelerated when the plaintiff commenced the first prior action in 2007. In an order entered January 18, 2023, the Supreme Court granted the plaintiff's motion. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Even if a mortgage is payable in installments, once a noteholder elects to accelerate [*2]the debt, the entire amount is due and the statute of limitations begins to run on the entire debt" (Federal Natl. Mtge. Assn. v Metz, 214 AD3d 709, 710; see HSBC Bank USA, N.A. v Spitz, 201 AD3d 708, 710).
Here, contrary to the plaintiff's contention, it failed to establish, prima facie, that this action was not time-barred. The plaintiff's submissions revealed that the mortgage debt was accelerated in January 2007, when the plaintiff commenced the first prior action to foreclose the mortgage (see Deutsche Bank Trust Co. Ams. v Morocho, 202 AD3d 1055, 1058). This action was commenced in July 2018, more than six years later. The plaintiff's contention that payments the defendant made on the loan as late as September 2013 served to renew the statute of limitations, making this action timely, is not properly before this Court, as it was raised for the first time in reply papers submitted to the Supreme Court, and there is no indication that the defendant was afforded an opportunity to submit a surreply or that this new argument responded to allegations the defendant raised for the first time in his opposition papers (see Gottlieb v Wynne, 159 AD3d 799, 801).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, its motion for summary judgment on the second amended complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference should have been denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court