HSBC Bank USA, N.A. v Djmal (2026 NY Slip Op 00354)

HSBC Bank USA, N.A. v Djmal

2026 NY Slip Op 00354

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-03883
 (Index No. 518437/19)

[*1]HSBC Bank USA, National Association, etc., appellant,
vRichard I. Djmal, etc., et al., respondents, et al., defendants.

McCalla Raymer Leibert Pierce, LLP, New York, NY (Brian P. Scibetta of counsel), for appellant.
Alice A. Nicholson, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 5, 2023. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Richard I. Djmal and Fortune Djmal and for an order of reference, and granted those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On May 21, 2010, the plaintiff's predecessor in interest commenced an action against the defendants Richard I. Djmal and Fortune Djmal (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the 2010 action). The 2010 action was voluntarily discontinued in 2015. Two additional actions to foreclose the mortgage were commenced in 2014 and 2015. Those actions were dismissed and discontinued, respectively.
On August 20, 2019, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an amended answer in which they asserted various affirmative defenses, including expiration of the statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In an order dated October 5, 2023, the Supreme Court denied the motion and granted the cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; Citimortgage, Inc. v Gunn, 234 AD3d 922, 923). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see Citimortgage, Inc. v Gunn, 234 AD3d at 923). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see Citimortgage, Inc. v Gunn, 234 AD3d at 923).
Here, the defendants demonstrated, prima facie, that the six-year statute of limitations began to run on May 21, 2010, when the plaintiff's predecessor in interest commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). The defendants further demonstrated that this action was commenced on August 20, 2019, more than six years later (see id.).
Nonetheless, the plaintiff asserted that the voluntary discontinuance of the 2010 action served to revoke the prior acceleration of the mortgage debt. The plaintiff's contention is foreclosed by the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff Dec. 30, 2022]). "As relevant here, CPLR 203(h) provides that once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations. Further, CPLR 3217(e) provides, in relevant part, that the voluntary discontinuance of a foreclosure action shall not toll, extend, revive, or reset the statute of limitations, unless expressly prescribed by statute" (FV-1, Inc. v Palaguachi, 234 AD3d 818, 821). Thus, contrary to the plaintiff's contention, the statute of limitations was not reset by the voluntary discontinuance of the 2010 action (see id.).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067-1072; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042-1043).
Accordingly, the Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred. For similar reasons, the plaintiff failed to establish its entitlement, among other things, to summary judgment on the complaint insofar as asserted against the defendants and an order of reference.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court