GMAT Legal Title Trust 2014-1 v Kator (2023 NY Slip Op 00990)

GMAT Legal Title Trust 2014-1 v Kator

2023 NY Slip Op 00990

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-04276
 (Index No. 502411/15)

[*1]GMAT Legal Title Trust 2014-1, etc., appellant,
v
Mimi Kator, respondent, et al., defendants.

Kosterich & Skeete, LLC, Tuckahoe, NY (Denise Singh Skeete and Rajdai D. Singh of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 6, 2019. The judgment, after a nonjury trial, is in favor of the defendant Mimi Kator and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
On June 21, 2006, the defendant Mimi Kator (hereinafter the defendant) executed a note in the sum of $453,500 in favor of Home123 Corporation (hereinafter Home123), which was secured by a mortgage on real property in Brooklyn. By summons and complaint dated May 14, 2007, Saxon Mortgage Services, Inc. (hereinafter Saxon), as purported assignee, commenced an action to foreclose the mortgage (hereinafter the 2007 action). By assignment executed on June 8, 2007, Home123 assigned the mortgage and "all indebtedness secured thereby" to Saxon. The assignment stated it was "[e]ffective as of May 14, 2007." The assignment was recorded on July 16, 2007. Following the expiration of the applicable six-year statute of limitations period, Saxon voluntarily discontinued the 2007 action by order dated October 4, 2013.
In March 2015, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed a verified answer asserting various affirmative defenses, including that the action was barred by the applicable statute of limitations. The Supreme Court conducted a nonjury trial limited to the issue of the defense of statute of limitations. After the trial, the court determined that the plaintiff failed to establish that Saxon lacked standing to commence the 2007 action, and that the business records relied upon by the plaintiff to establish that Saxon's commencement of the 2007 action did not accelerate the debt were not admissible under the business records exception to the hearsay rule. The court issued a judgment in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against the defendant, and the plaintiff appeals.
In reviewing a determination made after a nonjury trial, this Court's power is as broad at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the [*2]witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855).
Initially, contrary to the Supreme Court's determination, the plaintiff established that the records at issue relating to the subject loan were admissible under the business records exception to the hearsay rule (see CPLR 4518; Bank of Am., N.A. v Bloom, 202 AD3d 736, 737; cf. Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209). Nevertheless, the court's determination that this action was time-barred was warranted by the facts.
Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations (see GSR Mtge. Loan Trust v Epstein, 205 AD3d 891, 892; MLB Sub I, LLC v Clark, 201 AD3d 925, 926). Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt (see Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1150; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage (see Ditech Fin., LLC v Connors, 206 AD3d 694, 697; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22). The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA) amended CPLR 213(4) by adding, among other things, paragraph (a), which provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."
Here, the plaintiff contends that this foreclosure action is timely because the debt at issue was not validly accelerated by the commencement of the 2007 action, since Saxon did not have standing to bring that action. However, the 2007 action was voluntarily discontinued; it was not dismissed "based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4][a]). Therefore, the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2007 action based on Saxon's lack of standing (see id.).
Further, contrary to the plaintiff's contention, the voluntary discontinuance of the 2007 action did not serve to reset the statute of limitations. In Freedom Mtge. Corp. v Engel (37 NY3d at 32), the Court of Appeals held that "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder." Accordingly, the Court held that the statute of limitations did not bar actions to foreclose certain mortgages because the accelerations of those mortgages that occurred by virtue of the filing of prior foreclosure actions were revoked by the voluntary discontinuances of the prior actions (see id. at 33-35). However, FAPA had the effect of nullifying this particular holding in Engel. FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute." We note, in any event, that even prior to the enactment of FAPA, the discontinuance of the 2007 action would not have been effective to reset the statute of limitations because the discontinuance did not occur during the six-year limitations period (see Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 692).
The defendant's remaining contentions are not properly before this Court.
Accordingly, the Supreme Court properly issued a judgment in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against the defendant.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.

2020-04276 DECISION & ORDER ON MOTION
GMAT Legal Title Trust 2014-1, etc., appellant,
v Mimi Kator, respondent, et al., defendants.
(Index No. 502411/15)

Motion by the respondent on an appeal from a judgment of the Supreme Court, Kings County, dated November 6, 2019, inter alia, to strike stated portions of the appellant's reply brief on the ground that they improperly raise arguments for the first time in reply. By decision and order on motion of this Court dated June 25, 2021, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's reply brief is denied.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court