HSBC Bank USA, N.A. v MD A. Islam (2023 NY Slip Op 05596)

HSBC Bank USA, N.A. v MD A. Islam

2023 NY Slip Op 05596

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-09088
 (Index No. 709738/17)

[*1]HSBC Bank USA, National Association, respondent,
v
MD A. Islam, etc., appellant, et al., defendants.

Law Office of Richard B. Zarco, P.C., New York, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta and Justin P. Robinson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant MD A. Islam appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered December 7, 2021. The order, insofar as appealed from, upon renewal, in effect, vacated a prior determination in an order of the same court entered April 12, 2019, granting the motion of the defendant MD A. Islam pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, and thereupon denied that defendant's motion.
ORDERED that the order entered December 7, 2021, is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the determination in the order entered April 12, 2019, granting the motion of the defendant MD A. Islam pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him is adhered to.
On October 12, 2006, the defendant MD A. Islam (hereinafter the defendant) executed a note in the principal sum of $696,000, which was secured by a mortgage on certain real property located in Jackson Heights.
On May 8, 2008, the plaintiff's predecessor in interest commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2008 foreclosure action). Insofar as relevant here, in the verified complaint in the 2008 foreclosure action, the plaintiff's predecessor in interest elected and called due the entire unpaid principal balance on the loan.
Subsequently, the plaintiff moved, inter alia, to discontinue the 2008 foreclosure action without prejudice. The motion was dated May 8, 2014, served on May 12, 2014, and received by the Supreme Court on May 15, 2014. By order dated August 18, 2014, the court, among other things, granted that branch of the plaintiff's unopposed motion which was to discontinue the 2008 foreclosure action without prejudice.
On July 17, 2017, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. By order entered April 12, 2019, the Supreme Court granted the defendant's motion.
The plaintiff subsequently moved, inter alia, for leave to renew its opposition to the defendant's motion. By order entered December 7, 2021, the Supreme Court, among other things, upon renewal, in effect, vacated the determination in the order entered April 12, 2019, granting the defendant's motion, and thereupon denied the defendant's motion. The defendant appeals.
"Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations" (GMAT Legal Tit. Tr. 2014-1 v Kator, 213 AD3d 915, 916; see GSR Mtge. Loan Trust v Epstein, 205 AD3d 891, 892; MLB Sub I, LLC v Clark, 201 AD3d 925, 926). "Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; see Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1150; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Contrary to the plaintiff's contention on appeal, the voluntary discontinuance of the 2008 foreclosure action did not serve to reset the statute of limitations. The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821 [hereinafter FAPA]) "had the effect of nullifying" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917) the holding in Freedom Mtge. Corp. v Engel (37 NY3d 1) that the voluntary discontinuance of an action constitutes an affirmative act of revocation of the acceleration of the debt. "FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that '[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
Thus, we reverse the order entered December 7, 2021, insofar as appealed from, and, upon renewal, adhere to the determination in the order entered April 12, 2019, granting the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court