US Bank N.A. v Medianik (2024 NY Slip Op 00449)

US Bank N.A. v Medianik

2024 NY Slip Op 00449

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-01678
 (Index No. 1089/14)

[*1]US Bank National Association, etc., appellant,
v
Helen Medianik, respondent, et al., defendants.

Goodwin Procter LLP, New York, NY (Christian Fletcher, Allison J. Schoenthal, and Leah Edmunds of counsel), for appellant.
Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 11, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Helen Medianik, to dismiss with prejudice that defendant's answer, affirmative defenses, and counterclaims, for leave to enter a default judgment against nonappearing and nonanswering defendants, and for an order of reference, and granted those branches of that defendant's cross-motion which were for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
On November 10, 2004, the defendant Helen Medianik (hereinafter the defendant) executed a note in the sum of $412,000 in favor of Argent Mortgage Company, LLC (hereinafter Argent). The note was secured by a mortgage on a condominium unit located in Brooklyn. By an assignment of mortgage dated November 10, 2004, Argent assigned the mortgage to Ameriquest Mortgage Company (hereinafter Ameriquest). By an assignment of mortgage, also dated November 10, 2004, Ameriquest assigned the mortgage to Wachovia Bank, NA, as Trustee, Pooling and Servicing Agreement dated as of November 1, 2004, Asset Backed Pass-Through Certificates, Series 2004-WWF1 (hereinafter Wachovia).
On June 5, 2007, Argent commenced an action (hereinafter the 2007 action) against the defendant, among others, to foreclose the mortgage. In an order dated December 20, 2007, the Supreme Court granted Argent's motion, inter alia, for leave to enter a default judgment against nonappearing and nonanswering defendants, for an order of reference, and to amend the caption to substitute Wachovia as the plaintiff. By an assignment of mortgage dated March 17, 2009, Wachovia assigned the mortgage to U.S. Bank National Association as Trustee, "successor-in-interest to [Wachovia]" (hereinafter the plaintiff). In an order dated October 9, 2012, the court granted Wachovia's motion, among other things, to discontinue the 2007 action.
On January 23, 2014, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which she asserted, inter alia, affirmative defenses alleging that the action was barred by the applicable statute of limitations and counterclaims, including a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff filed a reply to the counterclaims.
In October 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to dismiss with prejudice the defendant's answer, affirmative defenses, and counterclaims, for leave to enter a default judgment against nonappearing and nonanswering defendants, and for an order of reference. The defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaims.
In an order dated August 11, 2020, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to dismiss with prejudice the defendant's answer, affirmative defenses, and counterclaims, for leave to enter a default judgment against nonappearing and nonanswering defendants, and for an order of reference, and granted those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916).
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003).
Here, in support of that branch of her cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run on June 5, 2007, when Argent commenced the 2007 action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). The defendant further demonstrated that the instant action was commenced in 2014, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723).
On appeal, the plaintiff, citing Freedom Mtge. Corp. v Engel (37 NY3d 1), argues that the voluntary discontinuance of the 2007 action, as well as a letter dated June 3, 2013, sent to the defendant by the loan servicer purporting to de-accelerate the mortgage debt, each served to revoke the acceleration of the debt and, therefore, the action was timely. The plaintiff further argues that, in any event, the mortgage debt was not accelerated by the commencement of the 2007 action because Argent, the plaintiff therein, lacked standing to commence that action.
Under the recently enacted Foreclosure Abuse and Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]; hereinafter FAPA), neither the voluntary discontinuance of the 2007 action nor the letter dated June 3, 2013, purporting to de-accelerate the mortgage debt served to reset the statute of limitations (see CPLR 3217[e]; ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 1001-1002; SYCP, LLC v Evans, 217 AD3d 707, 709; see also CPLR 203[h]; East Fork Funding LLC v U.S. Bank, [*2]N.A., 2023 WL 2660645, *3, 2023 US Dist LEXIS 56719, *8 [ED NY, No. 20CV3404 (AMD)(RML)]). Moreover, under FAPA, the plaintiff was estopped from asserting that the debt was not validly accelerated by the commencement of the 2007 action based on lack of standing (see CPLR 213[4][a]; MTGLQ Invs., L.P. v Singh, 216 AD3d at 1088; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916-917).
However, the plaintiff challenges the constitutionality of FAPA, arguing that its retroactivity and estoppel provisions violate due process. The defendant contends that FAPA is constitutional. Since the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining the subject branches of the parties' motion and cross-motion, we remit the matter to the Supreme Court, Kings County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of the subject branches of the motion and cross-motion thereafter (see U.S. Bank N.A. v Simon, 216 AD3d 1041, 1043).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court