U.S. Bank Trust, N.A. v Schlesinger (2024 NY Slip Op 02342)

U.S. Bank Trust, N.A. v Schlesinger

2024 NY Slip Op 02342

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-02676
 (Index No. 518929/17)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Pearl Schlesinger, respondent, et al., defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for appellant.
Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated March 11, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of the defendant Pearl Schlesinger pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and granted that defendant's cross-motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2008, the defendant Pearl Schlesinger (hereinafter the defendant) executed and delivered a note to HSBC Mortgage Corporation (USA) (hereinafter HSBC). The note was secured by a mortgage on certain real property in Brooklyn. In November 2008, HSBC commenced an action against, among others, the defendant to foreclose the mortgage (hereinafter the 2008 action). In an order dated October 29, 2010, the Supreme Court directed dismissal of the 2008 action. Thereafter, on October 28, 2014, PHH Mortgage (hereinafter PHH) purportedly mailed the defendant a letter on behalf of the plaintiff de-accelerating the loan.
In October 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant interposed an answer asserting various affirmative defenses and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her as time-barred, to cancel and discharge the notice of pendency filed in this action, and for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. In an order dated March 11, 2022, the Supreme Court, inter alia, denied [*2]that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and granted the defendant's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22).
Here, the defendant established, prima facie, that this action was time-barred by submitting evidence demonstrating that the mortgage debt was accelerated in November 2008 upon the commencement of the 2008 action, and that this action was commenced more than six years thereafter (see U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042; U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Even under the law in effect at the time the defendant's cross-motion was decided, the plaintiff failed to submit evidence demonstrating that PHH's letter purporting to de-accelerate the loan was sent to the defendant in accordance with the notice requirements of the mortgage agreement (see U.S. Bank N.A. v Dallas, 212 AD3d 680, 682).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and granted the defendant's cross-motion, among other things, for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court