IPA Asset Mgt., LLC v HSBC Bank USA, N.A. (2025 NY Slip Op 00437)

IPA Asset Mgt., LLC v HSBC Bank USA, N.A.

2025 NY Slip Op 00437

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-08668
 (Index No. 621773/19)

[*1]IPA Asset Management, LLC, appellant, 
v
HSBC Bank USA, N.A., etc., respondent, et al., defendant.

McKinley Law, P.C., Lloyd Harbor, NY (Shannon Cody McKinley of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York, NY (Adam D. Weiss and Boris Brownstein of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 2, 2021. The order granted the motion of the defendant HSBC Bank USA, N.A., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant HSBC Bank USA, N.A., for summary judgment dismissing the complaint insofar as asserted against it is denied.
In July 2008, HSBC Bank USA, N.A. (hereinafter HSBC), commenced an action against Nancy Kaye (hereinafter the borrower), among others, to foreclose a mortgage encumbering certain real property located in Coram (hereinafter the 2008 foreclosure action). In an order dated August 22, 2011, the Supreme Court granted HSBC's motion, inter alia, to discontinue the 2008 foreclosure action. In July 2012, HSBC commenced another action against the borrower, among others, to foreclose the mortgage (hereinafter the 2012 foreclosure action). In an order dated July 28, 2017, the court granted HSBC's motion, among other things, to discontinue the 2012 foreclosure action.
In January 2018, the plaintiff, IPA Asset Management, LLC (hereinafter IPA), acquired titled to the property. In November 2019, IPA commenced this action against HSBC, among others, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, alleging that the applicable statute of limitations for commencing a foreclosure action had expired. In August 2021, HSBC moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated November 2, 2021, the Supreme Court granted HSBC's motion. IPA appeals. We reverse.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (U.S. Bank NA v Schaer, 223 AD3d 928, 929). [*2]An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916).
Here, in support of its motion for summary judgment dismissing the complaint insofar as asserted against it, HSBC, citing Freedom Mtge. Corp. v Engel (37 NY3d 1), argued that the voluntary discontinuance of the 2008 foreclosure action and the 2012 foreclosure action served to revoke the acceleration of the debt and, therefore, the statute of limitations had not expired. However, under the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022] [hereinafter FAPA]), the voluntary discontinuance of the 2008 foreclosure action and the 2012 foreclosure action did not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations (see CPLR 3217[e]; U.S. Bank N.A. v Medianik, 223 AD3d 935, 938; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946; HSBC Bank USA, N.A. v MD A. Islam, 221 AD3d 672, 674). As HSBC expressly declined to challenge, on appeal, the constitutionality of the retroactive application of FAPA, we do not consider the issue. Therefore, HSBC failed to establish, prima facie, that the statute of limitations had not expired (see Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682; Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723).
Accordingly, we reverse the order and deny HSBC's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court