Community Loan Servicing, LLC v Mendlovits (2025 NY Slip Op 03302)

Community Loan Servicing, LLC v Mendlovits

2025 NY Slip Op 03302

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-07060
 (Index No. 36277/21)

[*1]Community Loan Servicing, LLC, etc., appellant,
v
Leopold Mendlovits, et al., respondents, et al., defendants.

Fein, Such & Crane, LLP, Rochester, NY (Michael S. Hanusek and Richard Gerbino of counsel), for appellant.
Rosenfeld Law Group, LLC, Spring Valley, NY (Haskell Rosenfeld of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated June 12, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Leopold Mendlovits and Debora Mendlovits, to strike their answer, and for an order of reference, and granted those branches of those defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2012, the plaintiff's predecessor in interest commenced an action against the defendants Leopold Mendlovits and Debora Mendlovits (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Monsey (hereinafter the 2012 action). In January 2020, following a nonjury trial, the Supreme Court directed dismissal of the complaint the 2012 action based on the failure of the plaintiff's predecessor in interest to demonstrate its strict compliance with RPAPL 1304. In November 2021, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer asserting various affirmative defenses and counterclaims, including a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order dated June 12, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted those branches of the defendants' cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916).
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced" (BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d 1375, 1376; see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003).
Here, the defendants established, prima facie, that the statute of limitations began to run on the entire debt in 2012, when the plaintiff's predecessor in interest commenced the 2012 action and elected to call due the entire amount secured by the mortgage (see Wilmington Sav. Fund Socy., FSB v Burgress, 232 AD3d 933, 935; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722). The defendants further demonstrated that since this action was commenced in 2021, more than six years later, this action was time-barred (see CPLR 213[4]; Wilmington Sav. Fund Socy., FSB v Burgress, 232 AD3d at 935).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff argued, among other things, that the stay applicable to foreclosures of federally backed mortgages afforded by the Federal Housing Administration COVID-19 moratorium (see Trento 67, LLC v OneWest Bank, N.A., 230 AD3d 1, 9-10) tolled the statute of limitations from March 18, 2020, to July 31, 2021, rendering this action timely commenced within six months of the termination of the 2012 action pursuant to CPLR 205(a). Initially, we note that the Foreclosure Abuse Prevention Act (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]; Wells Fargo Bank, N.A. v Brandt, 230 AD3d 623, 625). In any event, this action is untimely whether CPLR 205(a) or CPLR 205-a is applied, inasmuch as the plaintiff failed to establish that the COVID-19 moratorium applied to the mortgage, so as to toll the statute of limitations (cf. Trento 67, LLC v OneWest Bank, N.A., 230 AD3d at 9-10). Consequently, this action was not timely commenced within six months following the termination of the 2012 action.
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and properly granted those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court