Deutsche Bank Natl. Trust Co. v Blasse (2025 NY Slip Op 05063)

Deutsche Bank Natl. Trust Co. v Blasse

2025 NY Slip Op 05063

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-00006 
2023-01736
 (Index No. 519710/19)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Kelvin Blasse, appellant, et al., defendants.

Law Office of Henry Graham, P.C., Greenvale, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kelvin Blasse appeals from (1) an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 29, 2022, and (2) an order of the same court also dated September 29, 2022. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kelvin Blasse and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kelvin Blasse and for an order of reference are denied.
In August 2007, the plaintiff commenced an action against the defendant Kelvin Blasse (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the 2007 foreclosure action). In the complaint in the 2007 foreclosure action, the plaintiff elected to call due the entire amount secured by the mortgage. The 2007 foreclosure action was dismissed by order dated April 1, 2019, upon the defendant's motion to dismiss the complaint as abandoned.
In September 2019, the plaintiff commenced the instant action to foreclose the mortgage.
In March 2021, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion. In an order dated September 29, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion, concluding, inter alia, that the plaintiff's attempt to collect the complete arrears was timely pursuant to CPLR 205(a). In a second order also dated [*2]September 29, 2022, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
The defendant's argument that, pursuant to the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a is raised for the first time on appeal. However, contrary to the plaintiff's contention, under the circumstances, that issue "presents this Court with a pure question of law appearing on the face of the record that could not have been avoided if raised at the proper juncture" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1071).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Pryce v U.S. Bank, N.A., 226 AD3d 711, 712 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 835). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d at 835).
Here, in opposition to the plaintiff's prima facie showing, the defendant raised a triable issue of fact regarding his affirmative defense alleging that the action was barred by the statute of limitations (see U.S. Bank N.A. v Lucero, 225 AD3d 824, 825). Moreover, pursuant to FAPA, because the 2007 foreclosure action was dismissed as abandoned (see CPLR 3215[c]), "the [plaintiff] is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a" (Pryce v U.S. Bank, N.A., 226 AD3d at 713; see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d at 835-836).
Furthermore, the plaintiff's arguments challenging the retroactive application and constitutionality of FAPA and CPLR 205-a are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1069-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042-1043).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court