HSBC Bank USA, N.A. v Decker (2026 NY Slip Op 01039)

HSBC Bank USA, N.A. v Decker

2026 NY Slip Op 01039

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-12388
 (Index No. 612168/22)

[*1]HSBC Bank USA, N.A., etc., appellant,
vStephen Decker, respondent, et al., defendants.

Greenberg Traurig, LLP, New York, NY (Leah N. Jacob, Patrick G. Broderick, and Adam P. Hartley of counsel), for appellant.
Grausso & Foy, LLP, Bohemia, NY (William Grausso of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated November 21, 2023. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Stephen Decker and for an order of reference, and granted that branch of the cross-motion of that defendant which was to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
In 2007, the plaintiff commenced an action against the defendant Stephen Decker (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Cutchogue (hereinafter the 2007 action). The 2007 action was voluntarily discontinued by stipulation dated March 21, 2012.
In June 2022, the plaintiff commenced this action, the fourth action against the defendant, among others, to foreclose the same mortgage. The defendant interposed an answer, asserting several affirmative defenses, including that the instant action is time-barred.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint as time-barred. In an order dated November 21, 2023, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 900, quoting BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782; see U.S. Bank N.A. v Medianik, 223 AD3d at 937). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title [*2]Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).
Here, it is undisputed that the six-year statute of limitations began to run in 2007 when the plaintiff commenced the 2007 action (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). In support of his cross-motion, the defendant demonstrated that this action was commenced in June 2022, more than six years later (see CPLR 213[4]; Deutsche Bank Natl. Trust v DiGiorgio, 237 AD3d at 900; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042-1043). The defendant thus established, prima facie, that this action was untimely (see Deutsche Bank Natl. Trust v DiGiorgio, 237 AD3d at 900-901; US Bank Trust, N.A. v Reizes, 222 AD3d 907, 910).
The plaintiff's contention that even if the subject mortgage debt was accelerated by the commencement of the 2007 action, the plaintiff's voluntary discontinuance of that action served to revoke that acceleration and reset the statute of limitations is without merit. The Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) "'amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute"'" (Deutsche Bank Natl. Trust Co., v DiGiorgio, 237 AD3d at 901, quoting GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
Further, the plaintiff's servicer's April 2021 letter to the defendant purporting to revoke the plaintiff's prior acceleration of the mortgage debt and restore the subject loan to installment status, even prior to the enactment of FAPA, would not have been effective to reset the statute of limitations because the purported revocation did not occur during the six-year limitations period (see id.).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court