U.S. Bank Natl. Assn. v Williams (2026 NY Slip Op 01087)

U.S. Bank N.A. v Williams

2026 NY Slip Op 01087

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-07309
2023-11483
 (Index No. 502097/19)

[*1]U.S. Bank National Association, etc., appellant,
vJohn Williams, etc., respondent, et al., defendants.

Reed Smith LLP, New York, NY (Andrew B. Messite and James N. Faller of counsel), for appellant.
Clair Gjertsen & Weathers PLLC, White Plains, NY (Mary Aufrecht of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Gina C. Capone, J.), dated June 23, 2023, and (2) a judgment of the same court dated November 2, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John Williams and for an order of reference and granted that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. The judgment, upon the order, declared the mortgage to be unenforceable and discharged and directed the Putnam County Clerk to cancel and discharge of record the mortgage.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant John Williams.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In February 2008, the plaintiff commenced an action against, among others, the defendant John Williams (hereinafter the defendant) to foreclose a mortgage on certain real property located in Carmel (hereinafter the 2008 foreclosure action). The 2008 foreclosure action was voluntarily discontinued in January 2012.
A second action to foreclose the mortgage was commenced in December 2013 (hereinafter the 2013 foreclosure action), and a third action to foreclose the mortgage was commenced in July 2014 (hereinafter the 2014 foreclosure action). Thereafter, the 2013 foreclosure [*2]action and the 2014 foreclosure action were consolidated (hereinafter the consolidated action). By judgment dated August 22, 2019, following a nonjury trial, the consolidated action was dismissed for failure to comply with RPAPL 1303 and 1304.
In December 2019, the plaintiff commenced the instant action to foreclose the mortgage. The defendant answered the complaint, raising affirmative defenses and counterclaims.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. Shortly thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order dated June 23, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's motion and granted the defendant's motion. In a judgment dated November 2, 2023, the court declared the mortgage to be unenforceable and discharged and directed the Putnam County Clerk to cancel and discharge of record the mortgage. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; Citimortgage, Inc. v Gunn, 234 AD3d 922, 923). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; see Citimortgage, Inc. v Gunn, 234 AD3d at 923).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in February 2008, when the plaintiff commenced the 2008 foreclosure action and elected in the complaint to call due the entire amount secured by the mortgage (see Citimortgage, Inc. v Gunn, 234 AD3d at 923; U.S. Bank N.A. v Medianik, 223 AD3d 935, 938). It is undisputed that the instant action was commenced in December 2019, more than six years later (see Citimortgage, Inc. v Gunn, 234 AD3d at 923).
The plaintiff contends that the voluntary discontinuance of the 2008 foreclosure action on January 17, 2012, served to reset the statute of limitations and that, therefore, this action was timely. However, pursuant to CPLR 203(h), part of the Foreclosure Abuse and Prevention Act (FAPA), "once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations. Further, CPLR 3217(e) provides, in relevant part, that the voluntary discontinuance of a foreclosure action shall not toll, extend, revive, or reset the statute of limitations, unless expressly prescribed by statute" (FV-1, Inc. v Palaguachi, 234 AD3d 818, 821). Thus, contrary to the plaintiff's contention, the statute of limitations was not reset by the plaintiff's voluntary discontinuance of the 2008 foreclosure action.
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
For similar reasons, the plaintiff failed to establish its entitlement to summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The parties' remaining contentions are either improperly raised for the first time on appeal or academic in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court