US Bank Trust N.A. v 972 Gates Ave., LLC

2026 NY Slip Op 02433

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

US Bank Trust National Association, etc., appellant,

v

972 Gates Avenue, LLC, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-06052, (Index No. 524745/22)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. McCormack

Susan Quirk, JJ.

Troutman Pepper Locke LLP, New York, NY (Harry K. Tiwari of counsel), for appellant.

Petroff Amshen LLP, Brooklyn, NY (James Tierney, Maria G. Garber, and Steven Amshen of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated January 2, 2024. The order granted that branch of the motion of the defendant 972 Gates Avenue, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred.

ORDERED that the order is affirmed, with costs.

On February 17, 2006, Felix Alberto Barzola (hereinafter the borrower) executed a note in the amount of $600,000 in favor of Alliance Mortgage Banking Corp. (hereinafter Alliance). The note was secured by a mortgage on certain real property located in Brooklyn.

In August 2010, Chase Home Finance, LLC (hereinafter Chase), Alliance's successor in interest, commenced an action to foreclose the mortgage against the borrower, among others (hereinafter the first foreclosure action). In an order dated April 13, 2022, the Supreme Court granted the borrower's motion for summary judgment dismissing the complaint in the first foreclosure action based on Chase's failure to strictly comply with RPAPL 1304.

In June 2022, the plaintiff, US Bank Trust National Association, commenced this action to foreclose the mortgage against the defendant 972 Gates Avenue, LLC (hereinafter the defendant), among others. In September 2023, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it as time-barred. The plaintiff opposed the motion, contending that it had timely commenced this action pursuant to the six-month savings provision in CPLR 205(a). In reply, the defendant contended that Chase and the plaintiff were different entities and, thus, the plaintiff was not entitled to the benefit of the savings provision. In an order dated January 2, 2024, the Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.

An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Medianik, 223 AD3d [*2]935, 937). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).

Here, the six-year statute of limitations began to run in August 2010, when Chase commenced the first foreclosure action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Medianik, 223 AD3d at 938). This action was commenced in June 2022, more than 11 years after the commencement of the first foreclosure action.

Under CPLR 205(a), where an action is timely commenced and is terminated for any reason other than those specified in the statute, "the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (Deutsche Bank Natl. Trust Co. v Pena, 240 AD3d 475, 477 [internal quotation marks omitted]). However, the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) created a new statute, CPLR 205-a, which is specific to real property actions (see id.). CPLR 205-a(a)(1) states that "a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff" (Deutsche Bank Natl. Trust Co. v Pena, 240 AD3d at 477).

FAPA "replaced the savings provision of CPLR 205(a) with CPLR 205-a" in mortgage foreclosure actions (Pryce v U.S. Bank, N.A., 226 AD3d 711, 713; see CPLR 205[c]). Here, the plaintiff has not pleaded or proved that it is acting on behalf of Chase. Therefore, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205-a (see Deutsche Bank Natl. Trust Co. v Pena, 240 AD3d at 477; Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 932).

The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the state and federal constitutions are without merit (see Deutsche Bank Natl. Trust Co. v Pena, 240 AD3d at 477; Deutsche Bank National Trust Co. v Vista Holding, LLC, 239 AD3d 830, 834).

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court