U.S. Bank N.A. v Horne (2025 NY Slip Op 50294(U))

[*1]

U.S. Bank N.A. v Horne

2025 NY Slip Op 50294(U)

Decided on March 6, 2025

Supreme Court, Kings County

Genovesi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2025
Supreme Court, Kings County

U.S. Bank National Association AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, Plaintiff,

against
Ronald I. Horne AKA RONALD IVELAW HORNE; PUBLIC ADMINISTRATOR OF KINGS COUNTY, AS ADMINISTRATOR OF THE ESTATE OF OVID SMALL; ELAINE SMALL AKA ELAINE MARQUES AS HEIR TO THE ESTATE OF OVID SMALL; SEIDEL SMALL AS HEIR TO THE ESTATE OF OVID SMALL; NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; 363 E LLC; PEOPLE OF THE STATE OF NEW YORK; JOHN DOE (Those unknown tenants, occupants, persons or corporations or their heirs, disributees, executors, administrators, trustees, guardians, assignees, creditors or successors claiming an interest in the mortgaged premises), Defendants.

Index No. 525818/2019

For Plaintiff
Jacquelyn A. DiCicco, Esq. 
J Robbin Law PLLC
200 Business Park Drive, Ste 103, Armonk, NY 10504
For Defendant
Jill Schaefer, Esq.
Petroff Amshen LLP
1795 Coney Island Avenue, 3rd Floor, Brooklyn, NY 11230

Carolyn Mazzu Genovesi, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
[*2]Papers NYSCEF Numbered
Motion (MS # 2), Affirmation in Support, Exhibits 61-68
Cross-Motion (MS # 3), Affirmation in Support, Exhibits, Memorandum of Law in 72-78-112
Affirmation in Opposition to Cross-Motion and Further Support of Motion, Exhibits 118-127
Memorandum of Law in Reply 128
Upon the foregoing papers, Ronald Horne ("defendant") moves for summary judgment dismissing this foreclosure action, as barred by the statute of limitations (MS #2). U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("plaintiff") cross-moves for summary judgment against defendants Ronald I. Horne and Elaine Small a/k/a Elaine Marques as Heir to the Estate of Ovid Small; default judgment against non-appearing defendants; to appoint a Referee to compute the amount due to plaintiff; and to amend the caption to substitute named defendants for John and Jane Does (MS #3).
"An action to foreclose a mortgage is subject to a six-year statute of limitations." U.S. Bank Trust, N.A. v. Aorta, 167 AD3d 807 (2d Dep't 2018); see CPLR 213(4). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt." Wells Fargo Bank, N.A. v. Rutty, 206 AD3d 862, 863 (2d Dep't 2022) quoting Deutsche Bank Trust Co. Ams. v. Marous, 186 AD3d 669, 670 (2d Dep't 2020). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage." GMAT Legal Title Trust 2014—1 v. Kator, 213 AD3d 915, 916 (2d Dep't 2023).
On April 26, 2012, the holder of the mortgage and plaintiff's predecessor in interest, the Bank of New York Mellon Trust Summons Company, National Association as Grantor Trustee of the Protium Master Grantor Trust, commenced an action to foreclosure upon the subject mortgage on this action (Index No. 8741/2012). The 2012 action was dismissed by Justice Noach Dear, by Order dated July 13, 2016. Plaintiff's loan servicer sent a letter, dated April 13, 2018, to defendants Ronald Horne and Ovid Small which purports to deaccelerate the subject mortgage.
Under the applicable law in 2018, a lender could unilaterally revoke the acceleration of a mortgage, "by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action." NMNT Realty Corp. v. Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070 (2d Dep't 2017). A deacceleration letter constituted an affirmative act sufficient to deaccelerate a mortgage. Milone v. U.S. Bank N.A., 164 AD3d 145, 153-154 (2d Dep't 2018). However, in 2022, the Legislature enacted the Foreclosure Abuse Prevention Act ("FAPA"), which amended CPLR 203 to add subdivision (h). CPLR 203(h) states in relevant part, "no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute."
This action was commenced by plaintiff filing the summons and complaint on November 25, 2019. Unless the deacceleration letter dated April 13, 2018, effectively deaccelerated the mortgage in question, the statute of limitations expired six years after the 2012 action was commenced, on April 26, 2018. Accordingly, if the deacceleration letter did not deaccelerate the mortgage, this action is untimely.
Contrary to plaintiff's contention, in the Appellate Division, Second Department has held that that the statutory amendments enacted under FAPA apply retroactively. See 97 Lyman [*3]Avenue, LLC v. MTGLQ Investors, L.P., 233 AD3d 1038, 1042 (2d Dep't 2024); Deutsche Bank National Trust Company v. Dagrin, 233 AD3d 1065, 1067-1068 (2d Dep't 2024). In Dagrin, even though the foreclosure action was commenced in 2018, like this action, before FAPA came into effect, the Second Department found FAPA to retroactively apply. Additionally, contrary to plaintiff's argument, in Dagrin, the Second Department found the retroactive application of FAPA does not violate the Due Process Clause, the Contracts Clause or the Takings Clauses of the United States Constitution. Id at 1069-1072.[FN1]

The only distinction between this case and Dagrin is that in this case the plaintiff sought to deaccelerate the mortgage by a letter, while the plaintiff in Dagrin attempted to deaccelerate the mortgage by voluntarily discontinuing a prior foreclosure action. The Court finds this distinction without difference. In assessing whether a legislative act violates the Contracts Clause, the Second Department examined, among other issues, whether FAPA's statutory amendments had a substantial impairment on the parties' contractual rights. Id at 1070; See General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992) In doing so, the Second Department noted that when the Dagrin action was commenced, the law about deaccelerating a mortgage via voluntary discontinuance "remained somewhat unsettled." Dagrin at 1070. It could be argued that the law surrounding deacceleration via a letter was settled, when this action was commenced in 2018. However, in 2018, the Second Department decided Milone v. U.S. Bank, Supra, and imposed an addition requirement on deaccelerating an action via letter, namely that deacceleration letters must be clear and unambiguous. Thus, in 2018, when this action was commenced, the law pertaining to deacceleration letters was also in flux and FAPA's statutory amendments therefore do not have a substantial impairment on plaintiff's rights under the mortgage. Accordingly, this Court finds this action barred by the statute of limitation. Defendant's motion for summary judgment (MS # 2) is GRANTED and the complaint is DISMISSED.
In light of the dismissal of this matter, plaintiff's cross-motion (MS #3) is DENIED. For the foregoing reasons, it is
ORDERED that defendant's motion for summary judgment (MS # 2) is GRANTED and the complaint is DISMISSED; and it is further
ORDERED that plaintiff's cross-motion (MS #3) is DENIED in all respects.
This constitutes the Decision and Order of the Court.
E N T E R
Hon. Carolyn Mazzu Genovesi

Footnotes

Footnote 1:Plaintiff also maintains that the retroactive application of FAPA violates the Takings Clause of the New York State Constitution, (Art. 1, 7[a]). However, the elements of an unconstitutional taking are the same under the New York State and United Stated Constitutions. See Dagrin at 1070; American Economy Ins. Co. v. State, 30 NY3d 136, 155-156 (2017).